UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY A. BECKERMANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-105-SNLJ |
| | ) | |
| GLEN BABICH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon Defendant's Motion to Dismiss Plaintiff's Amended Complaint, filed by defendant Dylan Dauster. (Docket No. 33). Plaintiff has not responded to the motion, and the time for doing so has passed. For the following reasons, the motion will be granted.

### Background

Plaintiff is an inmate confined to the custody of the Missouri Department of Corrections, and Dauster is a corrections officer employed by the Missouri Department of Corrections. Plaintiff commenced this action in this Court on May 23, 2016, and filed an amended complaint on July 5, 2016.

The allegations in the amended complaint stem from a hand fracture plaintiff sustained on June 2, 2015 during a fight with another inmate. Plaintiff alleges that he immediately showed his "obviously fractured right hand" to Dauster, and requested medical care. (Docket No. 8 at 9, 20). Plaintiff alleges that Dauster jokingly remarked that the other inmate "could really take a punch," and then took plaintiff to the Administrative Segregation Unit and strip-searched him. (Docket No. 8 at 9). Afterward, plaintiff was evaluated by Nurse Cody Stanley, who measured

plaintiff's vital signs and then left. Plaintiff alleges that he was then placed in a cell with another inmate, despite his inability to defend himself. Over the next few days, plaintiff repeatedly requested medical treatment for his fractured hand. Finally, on June 11, 2015, he underwent an x-ray which was positive for fracture, and was then seen for an orthopedic consultation. Plaintiff was told that, due to the long delay in treatment, he required extensive reconstructive surgery. On July 22, 2015, plaintiff underwent reconstructive surgery that involved re-breaking his hand and repairing it using a bone from his wrist, a metal plate, and six pins.

Plaintiff alleges that, on June 2, 2015, Dauster was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Plaintiff also alleges that Dauster failed to comply with Mo. Rev. Stat. 217.410, which required him to notify the department director that plaintiff was suffering neglect and abuse.

**Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The motion to dismiss standard is different from the frivolity review standard under 28 U.S.C. § 1915(e)(2)(B), and dismissal for failure to state a claim does not invariably mean that the claim lacked arguable merit. *Id.* at 329. "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." *Id. at 328.*

When ruling on a motion to dismiss, the Court must assume that all of the factual allegations in the complaint are true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and draw all reasonable inferences in favor of the non-moving party. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009). The Court disregards legal conclusions, and

reviews the factual allegations for facial plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 677. To survive a Rule 12(b)(6) motion to dismiss, "a civil rights complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (*en banc*).

**Discussion**

Dauster argues that plaintiff fails to state a claim of deliberate indifference to his serious medical needs in violation of the Eighth Amendment because he was examined by a nurse after his encounter with Dauster, and Dauster should not be required to second guess the treatment the nurse provided. The Court agrees. At the time of Dauster's actions, the law was clearly established that a prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976); *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000). To establish deliberate indifference, a prisoner must prove he had an objectively serious medical need, and the prison official actually knew of but deliberately disregarded it. *Jolly*, 205 F.3d at 1096.

Taking plaintiff's allegations as true and drawing all reasonable inferences in plaintiff's favor, the Court concludes that he fails to state a claim as a matter of law against Dauster. By plaintiff's own admission, he was evaluated by a nurse after requesting medical treatment from Dauster. Therefore, regardless of whether plaintiff alleges an objectively serious medical need, he cannot demonstrate that Dauster deliberately disregarded such need. The Court therefore concludes that plaintiff's claim that Dauster was deliberately indifferent to his serious medical need in violation of the Eighth Amendment is fatally flawed in its legal premise and designed to

fail, *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001), and will therefore dismiss it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dauster also contends that, because Mo. Rev. Stat. 217.410 confers no federal right to offenders, plaintiff's allegations that Dauster failed to follow it do not state a cause of action under 42 U.S.C. § 1983. The Court agrees. Section 1983 of Title 42 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). It provides no substantive rights; it merely provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright v. Oliver*, 510 U.S. 266, 271 (1994) (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred.")

As defendant argues, violations of state laws do not by themselves state a claim under § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, plaintiff's allegation that Dauster failed to follow a state law requiring reporting of abuse fails to state a claim under § 1983 because it does not allege the violation of a right secured by the Constitution or laws of the United States. The Court will therefore dismiss plaintiff's claim against Dauster to the extent plaintiff claims he failed to follow Mo. Rev. Stat. 217.410.

Furthermore, Dauster is entitled to qualified immunity. Qualified immunity protects state actors from liability under § 1983 unless the plaintiff shows both that the official violated a constitutional right, and that the right was "clearly established at the time of defendant's alleged

misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).  Because plaintiff herein can make no such showing, Dauster is entitled to qualified immunity.  Finally, the Court agrees that plaintiff's official-capacity claims are barred by sovereign immunity.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Docket No. 33) is **GRANTED** to the extent it seeks to dismiss plaintiff's claims against defendant Dylan Dauster.

**IT IS FURTHER ORDERED** that defendant Dylan Dauster is dismissed from this action.  A separate order of dismissal will be entered herewith.

Dated this 21st day of February, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE