UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY A. BECKERMANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-105-SNLJ |
| | ) | |
| GLEN BABICH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Jeffrey A. Beckermann's motion to appoint counsel. (Docket No. 41). This is plaintiff's fourth such motion. It will be denied at this time, without prejudice.

The appointment of counsel for an indigent *pro se* plaintiff lies within the discretion of the Court, as there is no constitutional or statutory right to appointed counsel in civil cases. *Ward v. Smith*, 732 F.3d 940, 942 (8th Cir. 2013); *see* 28 U.S.C. § 1915(e) ("when an indigent prisoner has pleaded a nonfrivolous cause of action, a court <u>may</u> appoint counsel.") (emphasis added).

Once the plaintiff alleges a *prima facie* claim, the Court must determine the plaintiff's need for counsel to litigate his claim effectively. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds*, *Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005) (citations omitted). This determination involves the consideration of several relevant criteria which include "the factual complexity of the issues, the ability of the

indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips v. Jasper County Jail*, 437 F.3d 791, 94 (*citing Edgington*, 52 F.3d at 780).

In some instances, a court may deny a motion for appointment of counsel without prejudice because it believes the record is insufficient to determine, one way or the other, whether it would be appropriate to appoint counsel when the above factors are considered. *See Id.* For example, discovery may not have begun or may have just begun at the time of the request for appointment of counsel, so there is no conflicting testimony. There may be no indication in the record that the plaintiff lacks the ability to investigate or present his case where he correctly identifies the applicable legal standard governing his claims, and his complaint contains all essential information. Finally, the Court may consider whether the plaintiff's claims involve information that is readily available to him. *Phillips*, 437 F.3d at 794.

In this case, the record is insufficient to determine, one way or the other, whether the appointment of counsel is appropriate at this time. Discovery has yet to begin. The claims plaintiff has presented do not appear factually or legally complex, and plaintiff does not argue otherwise. Finally, plaintiff has demonstrated himself to be particularly well able to clearly present and investigate his claims. He has filed a complaint that is articulate and readily understood, indicating that he is capable of clear expression and logical organization of content. However, the Court recognizes that the relevant circumstances may change as discovery takes place. The Court will therefore deny the motion for the appointment of counsel, without prejudice. If appropriate at a later stage of this litigation, plaintiff may file a motion to appoint counsel that addresses the foregoing factors.

Accordingly,

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 41) is **DENIED** without prejudice.

Dated this 21st day of February, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE